**DENIED and Opinion Filed April 15, 2024**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-24-00423-CV**

## IN RE KHOR CHIN LIM, Relator

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-24-04421**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Before the Court is relator's April 9, 2024 petition for writ of mandamus wherein relator asks this Court to compel the trial court to vacate its purported order denying his ex parte motion for temporary restraining order, vacate its purported judgment dismissing the case, and grant the temporary restraining order.

Upon review, relator's petition does not meet the requirements of the Texas Rules of Appellate Procedure for consideration of mandamus relief. *See In re Backusy*, No. 05-23-00674-CV, 2023 WL 4540278, at *1 (Tex. App.—Dallas July 14, 2023, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.1, 52.2, 52.3(a)–(h), 52.3(j)–(k), 52.7(a).

For example, it is relator's burden to provide the Court with a sufficient record to show entitlement to mandamus relief. *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.); *see also* TEX. R. APP. P. 52.3(k)(1)(A) (requiring a relator to file "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"); TEX. R. APP. P. 52.7(a)(1) (requiring a relator to file "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Relator failed to file the order and judgment complained of or any other document material to his claim for relief.

Relator also failed to certify that the person filing the petition has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j). Without a certified petition and authenticated record, relator has failed to carry his burden to provide a sufficient record. *See In re Skinner*, No. 05-23-01077-CV, 2023 WL 8230683, at *1 (Tex. App.—Dallas Nov. 28, 2023, orig. proceeding) (mem. op.).

Further, relator's petition lacks a statement of facts supported by citations to competent evidence included in an appendix or record, and it does not include a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See* TEX. R. APP. P. 52.3(g), (h). The petition is also missing the following: a list identifying the parties and counsel, a table of contents, an index of authorities, a statement of the case, a statement of

jurisdiction, and a statement of the issues presented. *See* TEX. R. APP. P. 52.3(a)–(c), (d)(1)–(3), (e), (f).

Accordingly, we deny relator's petition for writ of mandamus.

/Craig Smith/

CRAIG SMITH

240423F.P05                                         JUSTICE